# CYRULI SHANKS & ZIZMOR LLP
ATTORNEYS AT LAW

August 29, 2023

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re: *Karen C. Han v. Financial Supervisory Service*
Civil Action No. 1:23-cv-05451-MKV

Dear Judge Vyskocil:

My firm represents defendant, Financial Supervisory Service ("FSS"), in the captioned action filed by plaintiff Karen C. Han, *pro se*. In accordance with Rule 4.A.i of Your Honor's Individual Rules of Practice in Civil Cases, FSS respectfully requests leave to file a motion to dismiss the complaint (ECF No. 6).

Five separate and independent reasons warrant the complaint's dismissal and FSS accordingly wishes to move to dismiss on those bases: (i) the attempted method of service is improper because Han did not deliver process to FSS, but only to FSS' former counsel, meaning that personal jurisdiction is absent (Rule 12(b)(2)); (ii) FSS is immune from suit under the Foreign Sovereign Immunities Act ("FSIA")(Rule 12(b)(1)); (iii) Han lacks standing to sue because the claims asserted here – baseless though they are – belong to another entity, not Han (Rule 12(b)(1) & (6)); (iv) Han's claims are barred by the Statute of Limitations (Rule 12(b)(6)); and (v) Han's claim for intentional infliction of emotional distress fails to state a cause of action (Rule 12(b)(6)).

FSS further proposes to move pursuant to the All Writs Act, 28 U.S.C. §1651 to enjoin Han from ever again suing FSS on claims arising out of the facts and circumstances alleged in the complaint.

The complaint seeks damages of $2,500,000.00 against FSS for: (i) FSS's purported 'wrongful interference' with the contractual relationship between Peninsula – Han's defunct financial services company – and non-parties Hankook Tire Company, Ltd. ("Hankook"), a

420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350

CYRULI SHANKS & ZIZMOR LLP
ATTORNEYS AT LAW

foreign corporate entity organized and existing in ROK, and Ocean Capital Investment Limited ("Ocean"), a foreign investment fund entity created by Hankook; (ii) New York prima facie tort; and (iii) intentional infliction of emotional distress.

This is the seventh time in the past twenty years that Han or Peninsula has sued to recover against Hankook/Ocean, Hankook's principal or FSS on these and similar claims. She has been defeated on all of the previous occasions. See e.g., Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd., 2006 U.S. Dist. LEXIS 74546 (N.D. Ohio); Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd., 509 F.3d 271 (6th Cir. 2007); Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd., 2008 U.S. Dist. LEXIS 7642 (N.D. Ohio); Han v. Financial Supervisory Serv., 2018 U.S. Dist. LEXIS 21345 (S.D.N.Y.); Han v. Hankook Tire Co., 2018 U.S. Dist. LEXIS 146315 (N.D. Ohio), aff'd, 799 Fed. Appx. 347 (6th Cir. 2020), cert. denied, 141 S. Ct. 623 (2020); Han v. Cho, 2019 U.S. Dist. LEXIS 47349 (D. Haw.), aff'd, 804 Fed. Appx. 864 (9th Cir. 2020), cert. denied, 141 S. Ct. 2515 (2021); and Han v. Financial Supervisory Serv., 2022 U.S. Dist. LEXIS 117874 (D.D.C.).

All of Han's present and former claims arise out of a contract entered between Peninsula and Hankook/Ocean in late 1998 in South Korea ("ROK"), by which Peninsula, among other things, agreed to provide certain financial services to Ocean (the "Ocean Agreement"). Han contends that the Ocean Agreement contained an indemnity clause benefiting Peninsula, which clause would be triggered if a breach of the laws or regulations of the ROK and the United States of America (collectively, the "Laws") stemmed from the financial services and/or transactions that Peninsula or Han performed in connection with the Ocean Agreement for Ocean/Hankook pursuant to the terms of said agreement and under the direction of Hankook. Han further claims that under the Ocean Agreement's indemnity clause, Hankook/Ocean would be responsible to indemnify Peninsula or Han for losses, liabilities, costs, charges and expenses in connection with a breach of any of the Laws.

As to the relevant facts concerning the Ocean Agreement and its indemnity clause, Han has claimed, for the last twenty years or so, that Hankook 'induced' Peninsula and Han (and Han's husband, Park) to engage in certain financial transactions that resulted in illegal schemes, such as money laundering and insider stock trading, schemes that directly benefited Yang-Rae Cho, Hankook's principal. These financial transactions, says Han, resulted in Peninsula's violation of ROK's notes-selling restrictions (the "Ocean Transactions"). Han claims that as a result of the Ocean Transaction she and her husband decided to close Peninsula in light of potential criminal liability in the ROK.

On earlier occasions she has made claims identical to or similar to the ones that she makes in this action. All of the claims that she makes here are subject to dismissal for the reasons outlined above.

\* \* \*

Honorable Mary Kay Vyskocil
August 29, 2023
Page **3** of **3**

CYRULI SHANKS & ZIZMOR LLP
ATTORNEYS AT LAW

I accordingly request the Court's permission to file a motion to dismiss the complaint with the following proposed briefing schedule:

| | |
|---|---|
| September 20th, 2023: | Defendant's opening brief in support of motion |
| October 11th, 2023: | Plaintiff's brief in opposition to motion |
| October 25th, 2023: | Defendant's reply brief in further support of motion |

I have not been able to obtain plaintiff's consent to the making of proposed motion.

Respectfully submitted,

James E. Schwartz

cc:  Karen C. Han
2317 Gray Dr.
Northlake, TX 76247
**Via e-mail:** karenh514@gmail.com