Case 1:23-cv-05451-MKV   Document 50   Filed 02/24/25   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN C. HAN,<br><br>                    Plaintiff,<br><br>-against-<br><br>FINANCIAL SUPERVISORY SERVICE<br>*a South Korean Corporation without capital*,<br><br>                    Defendant. | 1:23-cv-5451-MKV<br><br>**ORDER GRANTING LEAVE TO AMEND AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT** |

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of a letter motion from Plaintiff, proceeding *pro se*, requesting a pre-motion conference regarding her anticipated motion seeking leave to amend the complaint to add both a new defendant and additional claims. [ECF No. 48]. Defendant opposes Plaintiff's request for leave to amend because its motion to dismiss, [ECF No. 36], is pending before the Court. [ECF No. 49].

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Amendments are generally favored because they "tend to facilitate a proper decision on the merits." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)). "Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (quoting *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1

When a plaintiff seeks to amend her complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)).  In adopting this rule, the Second Circuit explained that this approach "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Id.*

Where the proposed amendment requires leave of court, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Rheaume v. Pallito*, No. 2:15–CV–135, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, No. 1:20-cv-2327-MKV, 2021 WL 930616 (S.D.N.Y. Mar. 11, 2021).  In determining whether to deny the motion to dismiss as moot, courts consider whether the plaintiff seeks to add new defendants or claims and whether the existing defendant has responded to the proposed amendments  *See e.g.*, *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 139 (E.D.N.Y. 2017) (collecting cases); *Gentleman v. State Univ. of N.Y.—Stony Brook*, No. 16-cv-2012, 2016 WL 6892151, at *4 (E.D.N.Y. Nov. 21, 2016).

Here, the Court elects to grant Plaintiff leave to amend to add the additional defendant and claims and to deny Defendant's pending motion to dismiss as moot.  As noted, this is the preferred course where the amended complaint requires leave of court. *Rheaume*, 2015 WL 7300790, at *2. Further, Plaintiff, who is proceeding *pro se*, seeks to amend her complaint to add allegations and add a defendant connected to those allegations—allegations to which Defendant has not had an

opportunity to respond in its motion to dismiss.  In addition, "granting leave to amend is consistent with the liberal standard of Rule[] 15 . . . , and with the Second Circuit's 'strong preference for resolving disputes on the merits.' "  *Patterson v. Morgan Stanley*, No. 16-cv-6568, 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

The Court also finds no undue delay or bad faith on the part of Plaintiff.[1]  Plus, any prejudice to Defendant from permitting amendment at this early stage in the litigation is minimal.  *See Joint Stock Co. v. Infomir LLC*, No. 16-CV-1318, 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (There is "no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established.").

The Court is also mindful of judicial economy and preserving the parties' resources.  *Pettaway*, 955 F.3d at 303; *see also In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 25 (E.D.N.Y. 2004) (considering "impact of granting leave on judicial economy").  "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."  *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)).  It is in the interest of judicial economy for Plaintiff to amend now rather than after a ruling of Defendant's motion to dismiss.

As to futility, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these

---

[1] The Court implicitly denied Plaintiff's earlier, informal requests for leave to amend, which were buried in her response to Defendant's pre-motion letter, [ECF No. 31], and in her opposition to Defendant's motion to dismiss [ECF No. 37], did not include a proposed amended complaint or adequately elaborate on the proposed amendments. *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request [for leave to amend] when leave is requested informally in a brief filed in opposition to a motion to dismiss.").

arguments are better suited for consideration in the context of a motion to dismiss." *Chubb INA Holdings Inc. v. Chang*, No. 16-CV-2354, 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016) (collecting cases). The Court therefore declines to consider whether Plaintiff's proposed amendments would be futile.

By reason of Defendant's motion to dismiss, Plaintiff is on notice of the alleged deficiencies in her pleading. Plaintiff is warned that the Court will be reluctant to grant any further leave to amend if Defendant successfully moves to dismiss the First Amended Complaint. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, internal quotation marks, and citations omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for a pre-motion conference is DENIED, Plaintiff is GRANTED leave to amend, and Defendant's motion to dismiss is DENIED as moot. Plaintiff shall file her First Amended Complaint on or before March 24, 2025. If Defendant wishes to move to dismiss the First Amended Complaint, Defendant shall submit a pre-motion letter, as required by the Court's Individual Rules of Practice ¶ 4.A.i.

The Clerk of Court is respectfully requested to terminate docket entry 36 as moot.

**SO ORDERED.**

Date: **February 24, 2025**  
**New York, NY**

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**